```
                         UNITED STATES DISTRICT COURT
                          DISTRICT OF MASSACHUSETTS
_____
                                    )
                                    )
                                    )   CIVIL ACTION NOS.
In re Byron Jermaine Welton         )   14-13065-WGY
                                    )   14-13138-WGY
                                    )   14-13141-WGY
                                    )   14-14116-WGY
                                    )
_____)
```

ORDER

YOUNG, D.J.                                             March 23, 2015

Byron Jermaine Welton, who is currently incarcerated at FMC Rochester in Minnesota, filed six actions in this Court within a six-month period.  See Welton v. Grondolsky, C.A. No. 14-12633-WGY; Welton v. Beaulieu, C.A. No. 14-40072-WGY; Welton v. Roberts, C.A. No. 14-13065-WGY; Welton v. Bonnilla, C.A. No. 14-13138-WGY; Welton v. United States, C.A. No. 14-13141-WGY; Welton v. Cook, C.A. No. 14-14116-WGY.  At the time of filing, he was incarcerated at FMC Devens.

Two of these cases (C.A. Nos. 14-12633-WGY, 14-40072) were administratively closed on February 25, 2015 after the Court determined that under the "three strikes" provision of 28 U.S.C. § 1915(g), Welton was no longer eligible to proceed without prepayment of the filing fee.  The Court ordered that the cases remain closed until Welton pays the filing fees.

For the same reason, the Court orders the closure of Welton's four other cases pending in this Court (C.A. Nos. 14-13065-WGY, 14-13138-WGY; 14-13141-WGY; 14-14116-WGY).  All pending motions in these cases shall be terminated.  Because

Welton is now at FMC Rochester, any concern he had about his physical safety while at FMC Devens is now mooted.  Therefore, he cannot invoke the exception to the "three strikes" rule by alleging that he is in "immediate danger of serious physical injury" in relation to the allegations made in his actions before this Court.

These actions are CLOSED without entry of judgment.  All material statutes of limitation are tolled as of the date of the filing of the complaint herein as to all matters raised therein.  The closure is without prejudice to either party moving within two years to restore it to the docket, if any further action is required.  However, unless otherwise ordered by the appellate court, no case shall be reopened until Welton pays the filing fee for that case.

SO ORDERED.

    /s/ William G. Young  
    WILLIAM G. YOUNG  
    UNITED STATES DISTRICT JUDGE